## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MCGILL, individually, and as parent and guardian of C. M., a minor, and W. M., a minor, and HEATHER TAYLOR, individually, and as parent and guardian of W. M., a minor, | ) ) ) ) ) ) | No:_____ |
| | ) | *JURY DEMAND* |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| DANIEL JACOB FOSTER, CAUBLE ENTERPRISES, INC., and FEDEX GROUND PACKAGE SYSTEM, INC.; | ) ) ) ) ) | |
| *Defendants*. | | |

## NOTICE OF REMOVAL

Defendants Daniel J. Foster and FedEx Ground Package System, Inc. ("Defendants"), by and through undersigned counsel of record, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of this Court, hereby file this Notice of Removal and seeks removal of this cause of action from the Circuit Court of Tennessee for the Twenty-Sixth Judicial District at Jackson, Tennessee to the United States District Court for the Western District of Tennessee, Eastern Division.

## BACKGROUND

Plaintiffs Chase McGill, Heather Taylor, Waylon McGill, and Caidon McGill ("Plaintiff") filed this lawsuit in the Circuit Court of Tennessee for the Twenty-Sixth Judicial

District at Jackson, on April 28, 2023.[1]  Plaintiff alleges that on December 31, 2022, the Plaintiffs were involved in a vehicle collision with a vehicle operated by Defendant Foster and owned and operated by Defendant Cauble Enterprises, Inc. occurring in Madison County, Tennessee.  (Compl. ¶ 10, 15, 16, 24).  Plaintiffs have brought causes of actions against Defendants to include negligence, negligence per se, negligent entrustment, negligent hiring, supervision, and training, which Defendants denies any liability and/or negligence in this matter. (*see generally* Compl.).  Plaintiff seeks damages in the amount over the requirement for diversity jurisdiction. (Compl. p.11).

A return summons indicates Defendant Cauble Enterprises, Inc. was served by Plaintiff on or about June 13, 2023.[2]  However, Defendant Cauble Enterprises, Inc. has not been properly served in accordance with Federal Rules of Civil Procedure.  Defendant Foster was served by Plaintiff on or about June 13, 2023.[3]  Defendant FedEx Ground Package System, Inc. was served by Plaintiff through Defendant's registered agent on or about June 12, 2023.[4] Defendants now seek removal of this matter to this Court for adjudication.

## LAW AND ARGUMENT

### I)    Defendant Has Satisfied All Procedural Requirements for Removal

On April 28, 2023, Plaintiffs commenced the above-styled civil action in the Circuit Court of Tennessee for the Twenty-Sixth Judicial District at Jackson, styled as *Chase McGill, individually, and as parent and guardian of Caidon McGill, a minor, and Waylon McGill, a*

---

[1] A copy of the underlying complaint is attached and incorporated into this Notice as **Exhibit A**. Any discussion of the allegations in the Complaint herein is simply a recitation of Plaintiffs' Complaint and should not be construed as admission of any such allegations on the part of Defendant.
[2] A copy of the Returned Summons on Defendant Cauble Enterprises, Inc. is attached and incorporated into this Notice as **Exhibit B**.
[3] A Return Summons for Defendant Foster has not been filed with the Madison County Circuit Court Clerk's Office.
[4] A copy of the Returned Summons on Defendant FedEx Ground Package System, Inc. is attached and incorporated into this Notice as **Exhibit C**.

*minor, and Heather Taylor, individually and as parent and guardian of Waylon McGill, a minor v. FedEx Ground Package System, Inc., Cauble Enterprises, Inc., and Daniel Foster*, docketed at No. C-23-115 (the "Civil Action"). This action is currently pending in Circuit Court of Tennessee for the Twenty-Sixth Judicial District at Jackson.

Defendants first received a copy of the lawsuit when served (*see* Ex. C, D). All process, filings, pleadings, and/or orders served on Defendants to date, and all items received by the State Court, are attached and incorporated herein, and constitute all filings made to date in the entire case.[5]

No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice to Plaintiffs, and Defendant will file the attached Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Tennessee for the Twenty-Sixth Judicial District at Jackson.[6]

## II) Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and is between citizens of different states.

### A)     Complete Diversity of Citizenship Exists Between the Plaintiff and Defendants

The parties are completely diverse. Plaintiffs allege they are residents of Henderson County, Tennessee. (Compl. ¶ 1-4.) Conversely, Defendants are not residence of the State of Tennessee.  Daniel Foster is a resident of Stoddard County, Missouri, as acknowledged by

---

[5] A copy of the state court docket with all pleadings, process, motions, notices, and/or orders are attached and incorporated into this Notice as **Exhibit D**.

[6] A copy of the Notice to the State Court is attached and incorporated into this Notice as **Exhibit E**.

Plaintiffs. (Compl. ¶ 7). In determining the residency of a corporation, the state of incorporation and the state of the principal place of business is determinative. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994).

Defendant Cauble Enterprises, Inc. was incorporated in the State of Missouri and its principal place of business is located in Missouri. FedEx Ground Package System, Inc. was incorporated in the state of Delaware with its principal place of business in Pennsylvania. Further, Plaintiff acknowledges Defendant Cauble Enterprises, Inc. and FedEx Ground Package System, Inc. are foreign corporations conducting business in the State of Tennessee. (Compl. ¶ 8, 9).

As such, there is diversity of citizenship between Plaintiffs and Defendants.

B)     Removal of this Action is Timely

Defendant Foster received a copy of the Complaint of the Civil Action to be removed on June 13, 2023. (*See* Ex. C). Defendant FedEx Ground Package System, Inc. received a copy of the Complaint of the Civil Action to be removed on June 12, 2023. (*See* Ex. D). This Notice of Removal is timely as it is being filed within thirty days of service. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each Defendants shall have 30 days after receipt by or service on that Defendants of the initial pleading or summons . . . to file the notice of removal."). Further, Defendants have done nothing in the Civil Action in the State Court that would in any way affect this Court's removal and subject matter jurisdiction over this matter.

C)    Venue is Proper

Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

D)    The Amount in Controversy Requirement is Satisfied

Plaintiff alleges damages in an amount of $1,000,000 in compensatory damages and $3,000,000 in punitive damages, which would be in excess of $75,000. (Compl. p. 11). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The matter is removable as the damages sought exceed the jurisdictional minimum.

E)    Unanimity is Met

Lastly, unanimity is satisfied. "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." Bradley v. Md. Cas., Co., 382 F.2d 415, 419 (8th Cir. 1967). While Defendant Cauble Enterprises, Inc. has not been properly served in accordance with the Federal Rules of Civil Procedure by Plaintiff, Cauble Enterprises, Inc. consents to removal in this matter.  Therefore, all named defendants join together in seeking removal of this matter.  As such, unanimity is met.

**WHEREFORE**, **PREMISES CONSIDERED,** Defendants Daniel J. Foster and FedEx Ground Package request that this Court now REMOVE this Civil Action from the Circuit Court of Tennessee for the Twenty-Sixth Judicial District at Jackson, and that further proceedings now be conducted in the United States District Court for the Western District of Tennessee, Eastern Division, as provided for and consistent with the laws of the United States of America.

This the 11th day of July, 2023.

Respectfully submitted,
MCANGUS GOUDELOCK & COURIE, LLC

/s/ Thomas P. Cassidy, Jr.
THOMAS P. CASSIDY, JR., TN 13186; MS 8795
KAYCEE M. ROBERTS, TN 31951
5350 Poplar Ave., Ste. 800
Memphis, TN 38119
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
Email: kaycee.roberts@mgclaw.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon all counsel of record via electronic means and/or by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Eric J. Lewellyn
> Alders and Lewellyn, PLLC
> 119 S. Main Street, Suite 500
> Memphis, Tennessee 38103
> eric.lewellyn@aldersandlewellyn.com
> Attorney for Plaintiffs

This the 11th day of July, 2023.

<u>/s/ Thomas P. Cassidy, Jr.</u>
THOMAS P. CASSIDY, JR.