IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHASE MCGILL, *et al.*,

     Plaintiffs,

v.                                                                                          No. 1:23-cv-01134-JDB-jay

DANIEL JACOB FOSTER, *et al.,*

     Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
---

This matter was initially brought by Plaintiffs, Chase McGill, individually and as parent and guardian of C.M., a minor, and W.M., a minor, and Heather Taylor, individually and as parent and guardian of W.M., a minor, against the Defendants, Daniel Jacob Foster; Cauble Enterprises, Inc. ("Cauble"); and FedEx Ground Package Systems, Inc., in the Circuit Court of Madison County, Tennessee, alleging negligence claims arising from a vehicle accident. (Docket Entry ("D.E.") 1-2.) The case was removed to this Court on July 11, 2023, on diversity grounds. (D.E. 1.) Pending on the Court's docket is the Plaintiffs' motion to remand the matter back to state court pursuant to 28 U.S.C. § 1447(c) (D.E. 13), to which Defendants have responded (D.E. 15).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" *Id.* Where no federal question is involved, 28 U.S.C. § 1332 provides the district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Any civil action brought in a state court over which the federal district courts have original jurisdiction may

be removed to the district court.  28 U.S.C. § 1441(a).  For removal on diversity grounds to be proper, "there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed."  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  Section 1447(c) directs the district court to remand a case following removal when "it appears that the district court lacks subject matter jurisdiction[.]"  28 U.S.C. § 1447(c).

The issue at bar centers around Defendant Cauble.[1]  Defendants maintained in their notice of removal that this entity's principal place of business was located in Missouri.  However, Plaintiffs, who are residents of Tennessee, submit in the instant motion that Cauble's principal place of business is in fact in Tennessee and, thus, complete diversity does not exist.  The movants base their assertion exclusively upon an apparent filing with the Tennessee Secretary of State listing an address in Union City, Tennessee, as Cauble's "principal office."  (*See* D.E. 13 at PageID 109.)

"For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated[2] and of the State or foreign state where it has its principal place of business[.]'"  *Stryker Empl. Co., LLC v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023) (quoting § 1332(c)(1)).  A corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center," which is usually its main headquarters, "provided that the headquarters is the actual center of direction, control, and coordination[.]"  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The mere fact that a corporation may conduct general business activities or have plants, sales locations, and employees

---

[1] Plaintiffs do not take issue with diversity of citizenship as to the other Defendants.

[2] The movants do not maintain that Cauble is a citizen of Tennessee by incorporation.

in different places is not controlling. *Id.* at 95; *see also Bauer Found. Corp. v. IMI Tenn., Inc.*, Case No. 3:19-cv-00849, 2019 WL 6273253, at *3 (M.D. Tenn. Nov. 25, 2019).  While acknowledging that the "nerve center" test would not always be perfect, the United States Supreme Court recognized in *Hertz* that it would "point[] courts in a single direction, toward the center of overall direction, control, and coordination" instead of requiring them to "try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Hertz*, 559 U.S. at 96.

To show that Cauble's principal place of business is in Missouri, not Tennessee, Defendants have proffered the affidavit of Lindsay Cauble, vice president and secretary of the subject corporation, who states therein that its business address and only physical location are in Missouri, from which its business is controlled and directed and where financial management and corporate accounting functions occur, business records are stored, and business meetings and human resources activities are conducted.  She adds that, although Cauble began operating in Tennessee in 2022, it no longer does so, and never maintained a physical office or location there.  During its operations in Tennessee, she and the company's president, Dustin Cauble, maintained "limited physical presence" in the state.  (D.E. 15-2 at ¶ 22.)

The burden of persuasion for demonstrating diversity jurisdiction rests on the shoulders of the party asserting it. *Kokkonen*, 511 U.S. at 377.  "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 559 U.S. at 96-97.  The court is then "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

In *Hertz*, the Court rejected the notion that "the mere filing of a form" with a governmental entity listing a corporation's principal offices in a certain state "would, without more, be sufficient

3

proof to establish a corporation's 'nerve center.'" *Hertz*, 559 U.S. at 97; *see also Bauer Found. Corp.*, 2019 WL 6273253, at *4 (collecting cases) (corporate filings with the secretary of state are not dispositive, citing *Hertz*); *Elliott v. Yamamoto FB Eng'g, Inc.*, Civil Action No. 3:17-cv-456-DJH, 2018 WL 852375, at *3 (W.D. Ky. Feb. 13, 2018) (corporation's filing with the Kentucky Secretary of State listing a Kentucky address as its "principal office address" not conclusive proof of the location of party's "nerve center").   In considering the non-dispositive evidence presented by the Plaintiffs on the one side and Caudle's affidavit, which the movants have not challenged, on the other, the Court finds that Defendants have presented sufficient evidence to demonstrate complete diversity as to Defendant Cauble.   Thus, remand is not appropriate and the motion is DENIED.   *See Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, Civil No. 3:16-cv-00024-GFVT, 2016 WL 3043143, at **2-3 (E.D. Ky. May 27, 2016) (affidavit of corporate vice president outlining company's organizational structure and explaining that its headquarters; site of annual shareholder and board of directors meetings; and location where officers and directors directed, controlled, and coordinated its corporate activities were in Canada was sufficient to establish it as party's "nerve center" under *Hertz*, despite contrary, but non-dispositive, evidence of corporation's filing with the Kentucky Secretary of State listing a Kentucky address as its "principal office").

IT IS SO ORDERED this 12th day of October 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE